```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ELISEO JIMENEZ, | No. 19-cv-17193 (NLH) (SAK) |
| Plaintiff, | |
| v. | OPINION |
| DETECTIVE DANIEL CHOE, et al., | |
| Defendants. | |

APPEARANCE:

Eliseo Jimenez
269336
Atlantic County Jail
5060 Atlantic Ave
Mays Landing, NJ 08330

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Eliseo Jimenez, presently incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, seeks to bring a claim pursuant to 42 U.S.C. § 1983, against Detective Daniel Choe and the Atlantic County Prosecutor's Office. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

1

Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(b)(ii). The Court will grant leave to amend.

I. BACKGROUND

According to the complaint, Detective Choe arrested Plaintiff at home on January 9, 2019. ECF No. 1 at 5. Detective Choe took Plaintiff to the Atlantic County Prosecutor's Office and interrogated him regarding an unidentified crime. Id. "After hours of insisting that I was not guilty of the charges I was being questioned about, I was told by this Detective that if I write an apology to the family I would be released." Id. Plaintiff wrote the requested apology but was not released. Id. Plaintiff states the letter he wrote at Detective Choe's direction was used to "detain and prosecute [him] for something [he's] innocent of." Id.

II. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff alleges Detective Choe violated his rights under Miranda v. Arizona, 384 U.S. 436 (1966) "by threatening me and lying on his police reports which tainted the entire investigation." ECF No. 1 at 5. Plaintiff alleges Detective Choe told Plaintiff he would be released if he wrote an apology letter to the victim's family. Id. at 9. Plaintiff states he did not understand his rights and does not speak English, which Detective Choe exploited during the interview. Id. at 5.

To the extent Plaintiff alleges a violation of his Fifth Amendment rights, he has failed to state a claim for relief

under § 1983.  "[V]iolations of the prophylactic Miranda procedures do not amount to violations of the Constitution itself."  Giuffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994); see also Chavez v. Martinez, 538 U.S. 760, 767 (2003).  "[I]t is the use of coerced statements during a criminal trial, and not in obtaining an indictment, that violates the Constitution." Renda v. King, 347 F.3d 550, 559 (3d Cir. 2003); see also Ojo v. Luong, 709 F. App'x 113, 118 (3d Cir. 2017) (citing Renda). Plaintiff indicates he was "detained and prosecuted" based on the allegedly coerced letter, but it is not clear whether those statements were introduced at trial or if they were only used to obtain an indictment.  Plaintiff may file an amended complaint with further information about the circumstances of his arrest.

Construing the complaint liberally, Plaintiff also appears to be alleging false arrest and false imprisonment claims.  "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."  James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012).  "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir.

1995). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." O'Connor v. City of Phila., 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff does not provide any information about the circumstances of his arrest other than the interview at the prosecutor's office. The circumstances surrounding the interview are not enough to state a false arrest claim because Plaintiff indicates he was arrested before Detective Choe took him to the prosecutor's office. ECF No. 1 at 5. In order to state a false arrest claim, Plaintiff would have to provide more information about how Detective Choe came to arrest Plaintiff in the first place. The facts as set forth in the complaint do not state a false arrest or false imprisonment claim, but Plaintiff may be able to allege facts supporting those claims. Therefore, the Court will grant him leave to amend.

Plaintiff also asserts a claim against the Atlantic County Prosecutor's Office as Detective Choe's employer. A local government unit, such as the Prosecutor's Office, cannot be found liable under 42 U.S.C. § 1983 simply because it employs a wrongdoer. See Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691-92 (1978). "There must be a 'direct causal link between a municipal policy or custom and the alleged

constitutional deprivation' to ground municipal liability." Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 249-50 (3d Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Kirkland v. DiLeo, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original). In other words, Plaintiff must set forth facts supporting an inference that Atlantic County itself was the "moving force" behind the alleged constitutional violation.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). As Plaintiff may be able to provide facts supporting his claims, he file a proposed amended complaint within 30 days of this Opinion and Order.

Plaintiff should note that when an amended complaint is filed, the complaint no longer performs any function in the case

6

and cannot be utilized to cure defects in the complaint, unless the relevant portion is specifically incorporated in the new complaint.  6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted).  The amended complaint may adopt some or all of the allegations in the complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

IV. CONCLUSION

For the reasons stated above, the Complaint will be dismissed without prejudice for failure to state a claim.  An appropriate order follows.


Dated: July 2, 2021                     s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.